**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>HOLLISTER CONSTRUCTION SERVICES, LLC,<br><br>Debtor. | Bankruptcy Action No. 19-27439 (MBK)<br><br>Adversary Proceeding No. 21-1358 (MBK) |
| BAK AVISORS, LLC as Liquidating Trustee of Hollister Construction Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>SAX LLP,<br><br>Defendant. | Civil Action No. 22-6035 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Sax LLP's ("Defendant") Motion to Withdraw the Reference of Adversary Proceeding[1] ("Motion to Withdraw"). (ECF No. 1.) Bak Advisors, LLC ("Plaintiff") opposed (ECF No. 2), and Defendant replied (ECF No. 6). The Court has carefully

---

[1] The "Adversary Proceeding" refers to Adversary Proceeding No. 21-1358 (2021) in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

considered the parties' submissions and decides the matter without oral argument pursuant to Local

Civil Rule 78.1. For the reasons stated below, the Court denies Defendant's Motion.

## I.  **BACKGROUND**

Hollister Construction Services, LLC ("Hollister") was a New Jersey limited liability

company that operated as a regional general commercial construction firm, providing a variety of

construction management services. (Adversary Proceeding Compl., ¶ 10, Ex. A, ECF No. 1.)

Hollister did not perform actual construction work itself, relying instead on subcontractors to do

so. (*Id.* ¶ 10.) Hollister first retained Defendant, an accounting firm, to conduct the annual audit of

Hollister's financial statements for the 2015 tax year and proceeded to engage Defendant in the

same capacity for each of the next three tax years. (*Id.* ¶ 32; Def.'s Moving Br. 1, ECF No. 1.) In

2018, Hollister retained Defendant to audit Hollister's balance sheet and related statements for the

2018 fiscal year and to render an opinion on the financial statements. (Adversary Proceeding

Compl. ¶ 94.) Defendant issued its audit report for the 2018 audit on April 12, 2019. (*Id.* ¶ 35.)

Within months of this report, Hollister materially wrote down its assets, experienced significant

operational cash flow and liquidity issues, and ultimately was forced to file a petition seeking

bankruptcy relief. (*Id.* ¶ 3.) Hollister ceased operating in the ordinary course months before it filed

for relief under chapter 11 of title 11 of the United States Code on September 11, 2019. (*Id.* ¶¶ 11,

14.)

On September 3, 2021, Plaintiff, as the Liquidating Trustee of Hollister Construction

Liquidating Trust, commenced the Adversary Complaint against Defendant. (*See generally id.*)

Plaintiff alleges that in conducting the 2018 audit, Defendant failed to meet the applicable

professional standard of care and issued an audit report that improperly expressed an opinion that

the Hollister financial statements fairly presented the financial position of Hollister. (*Id.* ¶ 2.) The

Adversary Complaint asserts two causes of action: professional negligence and breach of contract. (*Id.* at 14-15.) The Adversary Proceeding seeks a money judgment for damages, including the indebtedness Hollister was unable to pay while its liabilities increased and the value of its assets decreased, allegedly due to the Defendant's 2018 audit of Hollister's financial statements. (*Id.* ¶¶ 1, 4, 34, 36, 94-97.)

On December 23, 2021, the Bankruptcy Court denied without prejudice Sax's motion to dismiss the Adversary Complaint to the extent it sought damages in excess of the amount Hollister paid Defendant for the 2018 audit. (Adversary Proceeding Docket, ECF No. 17; Pl.'s Opp'n Br. 4-5, ECF No. 2.) On February 8, 2022, the Bankruptcy Court entered the Joint Order Scheduling Pretrial Proceedings and Trial. ("Initial Scheduling Order," Adversary Proceeding Docket, ECF No. 23.) On May 19, 2022, the parties to the Adversary Proceeding participated in an unsuccessful mediation before the Honorable Joel B. Rosen (U.S.M.J., Ret.). (Pl.'s Opp'n Br. 5; Adversary Proceeding Docket, ECF Nos. 22, 26.) On August 9, 2022, the Bankruptcy Court entered the Amended Joint Order Scheduling Pretrial Proceedings and Trial ("Amended Scheduling Order") establishing discovery and other deadlines with respect to the Adversary Proceeding. (Adversary Proceeding Docket, ECF No. 28.) On November 15, 2022, the Bankruptcy Court denied without prejudice Defendant's motion for leave to assert third-party claims against Hollister's former owners and senior officers. (Adversary Proceeding Docket, ECF No. 45; *see generally* Third-Party Mot. Tr., ECF No. 7.) The instant Motion to Withdraw followed. (*See generally* Def.'s Moving Br.)

## II.    **LEGAL STANDARD**

United States district courts "have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). In addition, "the district courts shall have original but not exclusive

jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In exercising jurisdiction pursuant to section 1334, a "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The District of New Jersey has "referred all proceedings arising under [t]itle 11 to the bankruptcy court pursuant to a standing order of reference dated July 23, 1984." *Kohn v. Haymount Ltd. P'ship, LP (In re Int'l Bens. Grp., Inc.)*, No. 06-2363, 2006 WL 2417297, at *1 (D.N.J. Aug. 21, 2006).

Section 157 also authorizes district courts to withdraw a reference to a bankruptcy court in certain circumstances. "[A] district court must withdraw a reference . . . if the proceeding would require 'consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.'" *Stanziale v. Bear Stearns, Inc. (In re Dwek)*, No. 09-4833, 2010 WL 2545174, at *2 (D.N.J. June 18, 2010) (quoting 28 U.S.C. § 157(d)).[2] In addition, a district court "may withdraw" a reference "for cause shown." 28 U.S.C. § 157(d).

In assessing a motion to withdraw a reference "for cause," "'[w]hether the proceeding is "core" or "non core" to the pending bankruptcy case' is a threshold factor [that] the [C]ourt must consider." *In re Dwek*, 2010 WL 2545174, at *4 (quoting *E. W. Trade Partners, Inc. v. Sobel WP, LLC (In re E.W. Trade Partners)*, No. 06-01812, 2007 WL 1213393, at *3 (D.N.J. Apr. 23, 2007) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1011 (2d Cir. 1993))); *Calascibetta v. Pension Fin. Servs., Inc. (In re U.S. Mortg. Corp.)*, Nos. 11-07222, 11-07223, 2012 WL 1372284, at *2 (D.N.J. Apr. 19, 2012). A "'core' designation weighs heavily against withdrawing the reference due to the bankruptcy court's expertise in 'core' bankruptcy matters." *Karagjozi v. Bruck*, No.

---

[2] Neither party contends that mandatory withdrawal is at issue here.

17-6305, 2017 WL 4155104, at *3 (D.N.J. Sept. 20, 2017); *Pittsburgh Corning Corp. v. Mingo*, 277 B.R. 74, 78 (Bankr. W.D. Pa. 2002) (noting there is a "strong presumption against withdrawal of the reference" for "core" proceedings). Still, the fact that a proceeding is "core" is "not dispositive," *Karagjozi*, 2017 WL 4155104, at *3, and the Court must also assess four factors the Third Circuit has identified as germane to withdrawal decisions. *See In re Dwek*, 2010 WL 2545174, at *4 (citing *In re Pruitt*, 910 F.2d 1160 (3d Cir. 1990)). "These factors, grounded in the interests of judicial economy, address whether withdrawal would: (1) promote uniformity in bankruptcy administration; (2) reduce forum shopping and confusion; (3) foster the economical use of the debtors' and creditors' resources; and (4) expedite the bankruptcy process." *Id.* (citing *In re Pruitt*, 910 F.2d at 1168).

## III.   DISCUSSION

### A.   Procedural Concerns

To begin, Plaintiff contends that the Motion to Withdraw is improper because Defendant has consented to the Bankruptcy Court's adjudication and entry of final judgment on all claims and defenses in the Adversary Proceeding. (Pl.'s Opp'n Br. 6.) The Court agrees.

The Local Bankruptcy Rules ("LBRs"), approved by the Court pursuant to Federal Rule of Bankruptcy Procedure 9029,[3] contain a provision concerning the parties' consent to adjudication of an adversary proceeding. Specifically, D.N.J. LBR 7016-1(e) provides as follows:

> **Consent to Adjudication.** By default, the parties are deemed to have consented to the Bankruptcy Court's adjudication and entry of final judgment on all claims and defenses raised in the proceeding. To the extent any party does not so consent, that party must comply

---

[3] Federal Rule of Bankruptcy Procedure 9029 provides as follows: "[e]ach district court acting by a majority of its district judges may make and amend rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction which are consistent with—but not duplicative of—Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms." Fed. R. Bankr. P. 9029.

with Federal Rules of Bankruptcy Procedure 7008 and 7012, as well as file a motion within the later of 30 days following either: (i) the of entry of the [Initial Scheduling Order] or (ii) the filing of a responsive pleading, seeking a determination as to whether the bankruptcy court may adjudicate to final judgment any or all claims and defenses.

Consistent with this rule, the Bankruptcy Court entered the Initial Scheduling Order on February 8, 2022, which provides:

The parties to this [Initial Scheduling] Order consent to the Bankruptcy Court's adjudication and entry of final judgment on all claims and defenses raised in this proceeding, unless specifically contested in pleadings which comply with Fed. R. Bankr. P. 7008 and Fed. R. Bankr. P. 7012. To the extent any party does not so consent, that party must file a motion within 30 days of the entry of this [Initial Scheduling] Order seeking a determination as to whether this Court may adjudicate to final judgment any or all claims and defenses. The failure to timely file such a motion shall be deemed consent to the Bankruptcy Court's adjudication and entry of final judgment on all claims and defenses raised in this proceeding.

(Initial Scheduling Order ¶ 2.) Subsequently, Defendant failed to file a motion within thirty days of entry of the Initial Scheduling Order. (Pl.'s Opp'n Br. 7; *see generally* Adversary Proceeding Docket.) The Court thus finds that Defendant failed to meet the deadlines set by D.N.J. LBR 7016-(e) and, in doing so, consented to adjudication of the Adversary Proceeding by the Bankruptcy Court.

Similarly, it appears that Defendant failed to follow the Amended Scheduling Order, which provides as follows:

Except for discovery motions and motions to amend pleadings or add additional parties, a pre-motion conference with the [Bankruptcy] Court is required before making any other motion. To arrange a pre-motion conference, the moving party shall submit a letter, not to exceed three pages, setting forth the basis for the anticipated motion. The opposing party may submit a letter, also not to exceed three pages, setting forth its position within three business days from service of the moving party's letter. If the opposing party elects not to submit a letter, it shall so advise the [Bankruptcy] Court

within the three-business-day period. If the opposing party does submit a letter, the moving party may submit a letter reply, not to exceed two pages, within two business days from service of the opposing party's letter. If the moving party elects not to submit a reply letter, it shall so advise the [Bankruptcy] Court within the two-business-day period.

(Amended Scheduling Order ¶ 9.) Plaintiff contends, without rebuttal by Defendant (*see generally* Def.'s Reply Br., ECF No. 6), that Defendant did not submit a letter to the Bankruptcy Court or schedule a pre-motion conference prior to filing the Motion to Withdraw. (Pl.'s Opp'n Br. 5-6.) The Court, accordingly, finds that the Motion to Withdraw is also procedurally defective in that it violates the Amended Scheduling Order.

The Court, thus, finds that the procedural defects of the Motion to Withdraw weigh in favor of its initial denial. *See, e.g., BPRE, L.P., v. RML Waxahachie Dodge, L.L.C. (In re BPRE, L.P.)*, 599 F. App'x 182, 182-84 (5th Cir. 2015) (upholding bankruptcy court's determination that plaintiff waived its right to a jury trial because it failed to comply with the local bankruptcy rules). Still, the Court addresses the substance of Defendant's request.

**B.      Substantive Concerns**

The Court next turns to the substantive concerns regarding the Motion to Withdraw. Defendant raises several arguments in support of the Motion to Withdraw, including that the Adversary Proceeding is not a core proceeding, Defendant has a right to a trial by jury, and that judicial economy would be served by withdrawing the reference. (Def.'s Moving Br. 3-12.)

As a preliminary matter, the Court declines Defendant's invitation to determine whether the claims against it in the Adversary Proceeding are core or non-core. (*See* Def.'s Moving Br. 5.) As this Court has previously held, it is "appropriate to allow the [B]ankruptcy [C]ourt to make [the determination of whether a claim is non-core] in the first instance." *In re Princeton Alternative Income Fund, LP*, No. 18-9894, 2018 WL 4854639, at *2 n.3 (D.N.J. Oct. 4, 2018) (further

explaining that "the Court typically declines such invitations"); *see In re Kara Homes, Inc.*, No. 08-2406, 2009 WL 2223035, at *2 (D.N.J. July 22, 2009) ("The core or non-core determination is a 'threshold factor' in the withdrawal analysis, and should be made in the first instance by the Bankruptcy Court."). Here, the Bankruptcy Court has not yet been asked to determine whether the Adversary Proceeding is a core or non-core proceeding. (Pl.'s Opp'n Br. 8; *see generally* Adversary Proceeding Docket.) "The [M]otion [to Withdraw] is therefore premature, and will be denied without prejudice and with leave to move again under a new civil action number after the Bankruptcy Court decides if the Adversary Proceeding is a core-or-non[-]core proceeding." *In re Kara Homes, Inc.*, 2009 WL 2223035, at *2; *Certain Underwriters at Lloyd's of London v. Otlowski*, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan.29, 2009) (concluding that motion to withdraw reference was not ripe for decision until bankruptcy court decides whether matter is core or non-core); *In re E.W. Trade Partners, Inc.*, No. 06-1812, 2007 WL 1213393, at *3-4 (D.N.J. Apr. 23, 2007) (finding motion to withdraw reference not ripe for consideration where bankruptcy court had not determined whether proceeding was core or non-core); *see also In re Montgomery Ward & Co., Inc.*, 428 F.3d 154, 159-60 (3d Cir. 2005) (referencing with approval district court's decision to allow bankruptcy court, in first instance, to determine if matter was core or non-core); *Travellers Int'l AG v. Robinson*, 982 F.2d 96, 97-98 (3d Cir. 1992) (commenting approvingly on district court's procedure of submitting core/non-core question to bankruptcy court for determination before district court decided motion to withdraw reference).

The Court's hesitance to make a preliminary determination on the "core" issue here is especially warranted where, as explained above, Defendant consented to the Bankruptcy Court's adjudication, no preliminary hearing on the Motion to Withdraw was held, and the parties do not agree on whether the Adversary Proceeding is core or non-core. *Cf. In re Princeton Alternative*

*Income Fund, LP*, 2018 WL 4854639, at *2 n.3; (*See* Def.'s Moving Br. 3; Pl.'s Opp'n Br. 8 n.4 (asking the Court to allow the Bankruptcy Court to make the preliminary determination).) While the Court is mindful that the core or non-core determination is not the only argument Defendant has raised, it is the "most important" to the Court's withdrawal analysis. *In re Int'l Benefits Grp., Inc.*, No. 06-2363, 2006 WL 2417297, at *2 (D.N.J. Aug. 21, 2006). Indeed, none of the other arguments raised by Defendant, such as the right to a jury trial (Def.'s Moving Br. 7), appear sufficient on their own to warrant withdrawal. *See Gen. Elec. Cap. Corp. v. Teo*, No. 01-1686, 2001 WL 1715777, at *4 (D.N.J. Dec. 14, 2001) ("[T]he mere fact that a [d]efendant has asserted a right to trial by jury is not sufficient to immediately justify withdrawal of an action from bankruptcy.").

The Court, accordingly, denies the Motion to Withdraw as premature.

IV.   **CONCLUSION**

For the foregoing reasons, the Court denies Defendant's Motion to Withdraw. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

9